WALTER T. AHRENS ᴇᴛ ᴀʟ. *v.* PLUMMER A. IJAMS ᴇᴛ ᴀʟ.

[No. 38, April Term, 1928.]

*Decided June 21st, 1928.*

The cause was argued before Bond, C. J., Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Roger B. Williams,* with whom were *Albert E. Donaldson* and *Hershey, Donaldson & Williams* on the brief, for the appellants.

*John Watson, Jr.,* for the appellees.

2

ADKINS, J., delivered the opinion of the Court.

The bill of complaint in this case alleges, in substance, that plaintiffs entered into a contract with defendants to purchase the property known as 4003 Kathland Avenue in Baltimore City, together with certain articles in said contract enumerated, for the sum of $12,360, on account of which plaintiffs paid $1,000; that defendants agreed to convey to plaintiffs said property by a good and merchantable title; that after the payment of said sum on account, plaintiffs discovered that the defendants did not have a good title to the whole of said lot of ground, but that title to a material part of said lot was never vested in defendants, and, therefore, could not be conveyed by them; that the part to which defendants did not have title contains approximately 200 square feet and on said part are buildings worth more than $1,000; that upon discovering the want of title in defendants to said portions plaintiffs caused notice to be sent to defendants to that effect and demanded the return of the cash payment, but defendants have failed and refused to return same, and, although they have insisted that plaintiffs pay the balance of the purchase money, they have threatened to make sale of said premises at the risk of plaintiffs and to retain as a forfeiture the sum so paid; that the defendant Walter T. Ahrens, at or about the time of making said contract with plaintiffs, stated he was going to leave Baltimore and live in Philadelphia or elsewhere out of the State of Maryland; that plaintiffs believe and charge that, aside from their interest in said property No. 4003 Kathland Avenue, the defendants are without financial responsibility and, if they should make a sale of said property and obtain the purchase money, plaintiffs would suffer irreparable injury.

The prayer of the bill is for a rescission of the contract, and that the part of said property to which defendants have a good title be declared to be impressed with a lien or trust in favor of plaintiffs to the extent of the said sum of $1,000, with interest from the date of payment, and that defendants be decreed to pay said sum to plaintiffs; and that defendants be enjoined from selling said property until they shall have

paid or secured to be paid to plaintiffs said sum paid on account of purchase money.

The contract is filed as an exhibit. Defendants filed a demurrer and answer combined, and the case was heard on demurrer, and the demurrer overruled. This appeal is from the order overruling the demurrer.

Appellants contend that this case is controlled by *Levin v. Goodman,* 152 Md. 185. On appeal from an order overruling the demurrer to the bill filed in that case, we held that the demurrer should have been sustained on two grounds: (1) Because the bill was multifarious; (2) because on the allegations of the bill there was an adequate remedy at law. As to the second ground we said, "No peculiar ground for resorting to equity is shown in this case." In that case, from any facts alleged in the bill, so far as they concern the recovery of the money paid on account for the property which was rejected by reason of defective title, it did not appear that the remedy at law was not complete and effectual. Nor was the question raised as to the right of plaintiff to a lien on the property for the amount paid on account of the purchase money. Both of these questions are expressly raised by the bill in the present case.

We think the case of *Carr v. Hobbs,* 11 Md. 285, is ample authority for holding that the amount paid by plaintiffs on account of purchase money should be "considered as a lien on the estate in the hands of the vendor for the vendee." That principle is announced in 2 *Madd. Ch. Prac.* 105; and in *Rose v. Watson,* 10 H. L. Cas. 683, it was said: "There can be no doubt, I apprehend, that when a purchaser has paid his purchase money, although he has got no conveyance, the vendor becomes a trustee for him of the legal estate, and he is in equity considered the owner of the estate. When, instead of paying the whole of the purchase money, he pays part of it, it would seem to follow as a necessary corrollary that to the extent to which he has paid his purchase money, to that extent the vendor is a trustee for him; in other words, that he acquires a lien exactly in the same way as if upon

payment of part of the purchase money the vendor had executed a mortgage to him of the estate to that extent."

We have no disposition to question the authority of that case, or the correctness of the conclusion of the learned author referred to, as we think the principle announced is founded upon justice and reason. See also 27 *R. C. L.,* par. 395, and notes.

Of course such a lien can only be enforced in equity. If there were no other reason for equitable jurisdiction in this case, that would be sufficient, if the court is asked to take jurisdiction for that purpose. This is not a case where a general creditor asks to have the disposition of property or the payment of money restrained until he shall have obtained judgment, as in *Frederick County Bank v. Shafer,* 87 Md. 54; or where a court of equity is asked to lay its hand upon the property of a debtor in some other way in order that a general creditor may be in a position to assert and enforce his claim, as in other cases cited by appellant. Here the court is asked to declare and enforce an existing lien. There was nothing decided or said in *Levin v. Goodman, supra,* in conflict with this view.

*Order affirmed and cause remanded, with costs to appellees.*