VIRGINIA M. LONZELLO ET AL., APPELLANTS, v. MARIA D'AMATO ET AL., RESPONDENTS.

Submitted January 30, 1931—Decided April 9, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the appellants, *William Tyacke.*

For the respondents, *Gabrielson, Conover & Stasse.*

The opinion of the court was delivered by

PARKER, J. The appeal is from an order in the cause, made by Judge Dungan, directing that a notice of *lis pendens* filed by the plaintiffs be canceled of record by the register of Essex county.

Irrespective of the merits, the appeal must be dismissed. The record before us shows simply an action by vendee of real estate to recover back down money on the ground that vendors had refused to fulfill the contract of sale by delivering the deed stipulated in such contract. The record shows complaint, answer and reply, and nothing more. It is elementary that in actions at law, appeal lies only after final judgment.

It will do no harm to add that the notice of *lis pendens* should never have been filed or recorded. The suit is for a money judgment only. By the express language of the first section of the *Lis Pendens* act as amended in 1930 (*Pamph. L., p.* 374, at foot of *p.* 375), no *lis pendens* shall be filed in such a case. Appellant has failed to show in the printed case the dates when the pleadings were filed as required by rule 155 of this court, paragraph (b), or the teste of the summons, so we have no information as to the time when this action was commenced; but the statute is merely declaratory of the pre-existing law. 38 *C. J.* 17; *Bayley* v. *Bayley, 66 N. J. Eq.* 84.

Hence it is immaterial whether this suit was begun before or after the amendment of 1930 became effective. It is argued that by the contract appellants became equitable owners and entitled to a vendee's lien, but to this there are two answers. The first is that courts of common law do not take cognizance of the equitable doctrine of vendee's lien; and the second is

that even in equity a vendee's lien will not be impressed where the suit is merely to recover back down money, without more. *Richeimer* v. *Fischbein,* 107 *N. J. Eq.* 493.

The question whether the Circuit Court had jurisdiction to make the order of cancellation is one into which we need not enter, because in any event the appellant suffered no legal injury because of the order.

The appeal is dismissed.