SAMUEL R. SCHLEY *v.* JOE ZALIS, FOR USE OF MELVERN R. KRELOW
[No. 33, January Term, 1937.]

*Decided April 13th, 1937.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Wilmer H. Driver,* with whom was *Wilson K. Barnes* on the brief, for the appellant.

*Samuel Krelow,* for the appellee.

SHEHAN, J., delivered the opinion of the Court.

This appeal is from a judgment of the Court of Common Pleas of Baltimore City. Joe Zalis for the use of Melvern R. Krelow, appellee, sued Samuel R. Schley, trading as Schley Bros., the appellant. These parties were traders in vegetables and farm produce. Joe Zalis negotiated with Phil Prince, acting for Samuel R. Schley, for the purchase of 300 lugs of green tomatoes. While

these negotiations were in progress, a question arose as to whether the tomatoes had been frozen, which, if true, would destroy their commercial value. Zalis was concerned about the condition of these vegetables and declined to purchase them without assurances that they were not frozen. Phil Prince, the salesman of Schley Bros., who had been called as a witness for the plaintiff, testified that "Mr. Zalis asked me if the tomatoes were frozen and I said, 'No, they aren't frozen because they don't look frozen to me,' and he said, 'I will like to buy them provided you tell me they aren't frozen.' And I said, 'Joe, look again. I am positive they aren't.' And he opened up a couple more boxes and green tomatoes are hard to tell that they are frozen, and Joe bought three hundred boxes. He was afraid to buy the whole lot."

This evidence was supplemented by the testimony of Joe Zalis, who stated, without contradiction, that "Mr. Prince promised me they were not frozen * * *. If they are frozen I will give you your money back * * *. Mr. Prince says, 'I guarantee they aren't frozen.' "

The legal effect of this testimony is the question here presented. If it constitutes a warranty or guaranty, and there is evidence of both, the doctrine of *caveat emptor*, as urged by the appellant, does not apply, even though samples of the tomatoes were inspected by the appellee before the alleged purchase. The evidence clearly shows that the tomatoes had been frozen before the sale and were of little or no value. If the above testimony constitutes evidence of a warranty, either express or implied, then the trial court committed no error in refusing to grant the prayers of the defendant to withdraw the case from the consideration of the jury. The doctrine is stated in *Corpus Juris*, vol. 55, folio 652, in this language: Warranty is a statement or representation made by the the seller of goods, contemporaneously with and as a part of the contract of sale, although collateral to the express object of it, by reference to the character, quality or title of the goods, and by which he promises or undertakes to insure that certain facts are or shall be as he

then represents them. A warranty is express when the seller makes an affirmation with respect to the article to be sold, pending the treaty of sale, upon which it is intended that the buyer shall rely in making the purchase."

For the proper construction of the testimony, we must first examine the Sales Act, Code, art. 83, sec. 33, which provides that, "Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon. No affirmation of the value of the goods, nor any statement purporting to be a statement of the seller's opinion only shall be construed as a warranty."

Generally speaking, this section is declaratory of a principle of the common law as recognized by this court. *Rittenhouse, Winterson Auto Co. v. Kissner*, 129 Md. 102, 105, 98 A. 361. That is, where the seller affirms any fact or makes a promise in relation to any merchandise offered for sale, this constitutes an express warranty if the natural tendency of the affirmation or promise is to induce the buyer to purchase the goods, relying thereon. In the case of *Luria Brothers & Co. v. Klaff*, 139 Md. 586, 115 A. 849, the entire subject, including the construction of the statute and a review of the cases prior and subsequent to the passage of the Sales Act (Code, art. 83, sec. 22 *et seq.*), was reviewed in the opinion of this court through Judge Adkins. We must hold that under this statute and the authoriites above cited, the seller's affirmations or promises constitute an express warranty that the tomatoes were not frozen and were suitable for human consumption, and were, therefore, of commercial value to the purchaser. Prince knew the purpose for which the tomatoes were required, namely, to sell them as a food product, and Zalis told Prince he would not buy them unless he would state that they were not frozen, and Prince not only gave him this assurance, but in express terms guaranteed they were not frozen, and promised, if they were, to return the purchase

money. This was an express warranty under the Sales Act; the buyer relied upon it and the goods were delivered and the price paid.

Upon this single question, relating to the warranty of the merchandise offered for sale, the appellant made his defense. The finding of the facts, the credibility, and the weight of the testimony, are peculiarly within the province of the trial court sitting as a jury. *General Automobile Owners' Assn. v. State, use of Penn,* 154 Md. 204, 209, 140 A. 48; *Weiss v. Dredge & Dock Co.,* 155 Md. 351, 359, 142 A. 253.

The further claim that the appellee, the plaintiff, did not act with that degree of promptness required by law, in giving notice to the seller when he ascertained definitely the condition of the tomatoes, cannot be accepted. Three days after the transaction, one of them an intervening Sunday, Phil Prince, agent of the defendant, with whom Zalis dealt, was notified of the condition of the tomatoes and made an inspection of them and told Zalis, who demanded a refund of the purchase price, that "he did not want to see him lose anything and would see I got my refund." And that Prince further stated, "Yes, he knows they are frozen * * *," and promised the plaintiff that "he would see that he got a check." It is, therefore, obvious that the seller not only received prompt notice, but regarded the affirmations of fact and promises made by him as constituting a warranty, and recognized and accepted the responsibility for a breach thereof.

In the argument at bar, the appellant urged that evidence of the agency of Prince is lacking in so far as it gives authority to make the contract of sale. Prince stated that he was the sales agent for the defendant, and Mr. Schley, although a witness on his own behalf, does not deny or question the agency. The transaction in itself and the testimony generally support this agency. The case below seems to have been tried entirely on the question of the proper construction of the contract, and not upon the authority to make it. We find no error, therefore, in the action of the lower court in refusing

to grant this defendant's prayer for a directed verdict, which is the single exception in the record. Therefore, the judgment will be affirmed.

*Judgment affirmed; costs to be paid by the appellant.*