GEORGE LAUREL BRADBURY, PLAINTIFF, v. AMERICO F. GIORDANO AND AMES JORDAN, HIS FATHER, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided November 22, 1950.

*Mr. Robert F. Moss,* attorney for plaintiff.

*Mr. A. J. Grassano,* attorney for defendants.

STEIN, J. S. C. The plaintiff seeks the rescission and cancellation of his agreement to buy a dwelling house and demands, further, the repayment of a deposit of $1,000 paid by him on account of the purchase price and that a lien be impressed therefor upon the real estate which is the subject of the purchase. The defendants deny liability. By his counterclaim the defendant Americo F. Giordano seeks to compel the plaintiff specifically to perform the latter's agreement of purchase. The decision of this controversy depends entirely upon the intention of the parties in respect of one clause of the agreement dealing with an anticipated second mortgage, to which clause reference will again be made.

The agreement in dispute is in writing, was made on July 20, 1949, and was prepared by counsel for the vendor. By that agreement the defendant Americo F. Giordano agreed

to sell to the plaintiff, for $12,500, the property which is located in Nutley. The purchaser agreed to satisfy the purchase price in the following manner, as stated in the agreement:

| | |
|---|---:|
| "On execution of this agreement for which this is also a receipt | $1,000.00 |
| On delivery of deed, cash | $ |
| By assuming the mortgage at present a lien on the premises, and paying the same according to the terms thereof | $9,600.00 |
| On Bond and Mortgage  *  *  * | $ |
| The purchaser agrees to assume an F. H. A. mortgage now existing on these premises in the amount of $9600.00, and *the purchaser agrees to apply and secure a secondary GI mortgage in the amount of 1,900*. (Italics mine.) | 1,900.00 |
| | 12,500.00" |

It is undisputed that the purchaser did apply for a "secondary GI mortgage" for $1,900 and that such application was denied by the lending authorities. A renewal of that application again resulted in failure. The reason for this refusal was the fact that the lending agency appraised the property at only $11,500, thereby showing that the security for the desired secondary loan was scant. In these efforts to secure the desired G. I. mortgage the vendor participated, and when failure was a certainty, the vendor himself offered to take a second mortgage but payable only in four years. This offer was refused by the plaintiff, since the secondary G. I. mortgage would have allowed a 20-year period of repayment. Thereupon the plaintiff gave notice of rescission and made demand for the return of the deposit. On the other hand, the defendant-vendor served notice of a time and place for the performance of the agreement, thereby attempting to make that time of the essence.

The plaintiff asserts, and the defendants deny, that at the time the agreement was signed both defendants assured the plaintiff that the secondary loan could to a certainty be obtained and that all that was needed was for the plaintiff to apply for it. The plaintiff then was a captain in the regular American army and had shortly before returned from service

in Korea. He has since been ordered into active service and is somewhere with the army in parts unknown. The plaintiff also claims, and the defendants deny, that at the time the agreement was drawn the defendants assured the plaintiff that if the loan were not obtained there would be no deal. I find the disputed facts in favor of the plaintiff. It is not denied that without the aid of the expected G. I. mortgage he was without means to complete the purchase and that this fact was made known to the defendants. It is highly improbable that, aware of his inadequate means, the plaintiff would have been willing to bind himself absolutely to the purchase and to risk whatever difficulty and loss might result if his application for the G. I. loan were refused. There is considerable significance in the circumstance that where in the printed form of the agreement of sale there is provision for the cash to be paid "on delivery of deed," no sum is stated but the amount of cash ($1,900) to be paid on the delivery of the deed is later in the agreement linked with the procurement of the expected G. I. second mortgage. This fact strongly indicates that the purchaser was not to pay the $1,900 on the mere delivery of the deed but only if at the time of such delivery the second mortgage had, in fact, been procured. On the other hand, the vendor might have very confidently believed that the veterans' agency would appraise the property at the full purchase price and therefore grant the desired and needed secondary mortgage. In this situation the vendor unquestionably asserted that the mortgage could be obtained and agreed that if it were not obtained there would be no deal. Implicit in such arrangement was the surrender of the agreement and the return of the deposit money.

Aside from the foregoing, the agreement itself shows that the $1,900, constituting the balance of the purchase price, was to be paid from a certain and named source; viz., the secondary G. I. mortgage. While it is true that it was the plaintiff's undertaking to apply for that mortgage and to "secure" it, nonetheless it is clear that the payment of the $1,900 was in fact contingent upon a contemplated result,

namely, that the loan would in fact be granted. The language we here deal with is the language of the defendants and should be construed strictly against them. It does not require a strict construction to reach the result that both vendor and vendee dealt with respect to an assumed condition to arise in the future and that the performance of the agreement by each of the parties was contingent and conditioned upon the contemplated event arising. The event never arose and the stipulated source for the payment never became available. In that situation, and altogether independent of the parties express stipulation, the agreement came to an end and the plaintiff was entitled to the return of his deposit.

Over objection the court received the testimony of the collateral oral agreement between the parties, that if the mortgage were not granted the deal would be off. The defendants claim that this testimony violates the parol evidence rule. Not so. Evidence of a parol agreement that a written agreement is being delivered conditionally constitutes an exception to the rule. See the leading case of *Naumberg v. Young,* 44 *N. J. L.* 331 (*Sup. Ct.* 1882), and the many other cases since decided on the authority thereof. Such a collateral agreement does not vary the terms of the written agreement. It recognizes the integrity of the entire instrument but seeks to avoid that agreement, unvaried and unmodified. That is the situation in the instant case. The plaintiff seeks to rescind on the ground that because of the event or contingency collaterally stated, his agreement of purchase lost its legal force.

The thousand-dollar deposit was in fact paid to the vendor's father, Ames Jordan. The vendor, however, in his agreement of sale acknowledged the receipt of that money. Both are answerable for its return. Judgment will be entered in favor of the plaintiff against both defendants; against the vendor Americo F. Giordano rescinding and cancelling the agreement and against both defendants for the return of the deposit of $1,000. For this amount a lien will be impressed upon the real estate here involved. The counterclaim for specific performance will be dismissed. Present judgment accordingly.