ANTHONY P. GASKEWICZ and ALMA L. GASKEWICZ, his wife,
Plaintiffs,

*vs.*

EDWIN O. SPEAR and ETHELDA K. SPEAR, his wife, and C. DAVIS BELCHER and MARJORIE M. BELCHER, his wife,
Defendants.

*New Castle, August 3, 1956.*

*Joseph A. L. Errigo, John E. Wilson* and *James P. D'Angelo,* Wilmington, for plaintiffs.

*David P. Buckson* and *George R. Wright,* Dover, for defendants, Edwin O. Spear and Ethelda K. Spear.

SEITZ, Chancellor: This is the decision on defendants' motion to dismiss the complaint for lack of jurisdiction. I shall narrate the allegations of the amended complaint which are here taken to be true.

Plaintiffs allege that on September 24, 1955, they entered into a written contract with the defendants, Edwin O. Spear and Ethelda K. Spear, his wife, by which plaintiffs agreed to purchase certain real estate belonging to defendants. The other defendants are C. Davis and Marjorie M. Belcher, to whom defendants subsequently sold and conveyed the property. Reference to "defendants" will embrace only the Spears.

The agreed consideration was $22,500 which was to be paid on or before October 17, 1955. The contract was conditioned upon the ability of plaintiffs to receive the necessary funds for settlement through a G. I. Mortgage in the sum of $22,500. The Veterans Administration however failed to approve the sales price for the home and failed to grant any mortgage within the time set for settlement. On October 24, 1955, the parties amended the original contract to provide that the plaintiffs would pay to defendants the difference between the G. I. appraised price ($21,350) and the sales price of $22,500. Pending V. A. approval of the sale and the granting of the mortgage the parties changed the settlement date first to November 14, 1955 and finally to December 5, 1955.

The plaintiffs were notified by the Mortgage Service Corporation that final V. A. approval and the granting of the mortgage could not come about until early 1956. Although plaintiffs tried elsewhere, they were unable to obtain a mortgage immediately. Plaintiffs' coun-

sel conceded at oral argument that the complaint should be construed to mean that the agreement became inoperative because plaintiffs could not obtain the required loan within the extended time provided in the agreement. I shall proceed on this premise.

On January 27, 1956, the Spears sold the same premises to defendants, C. Davis Belcher and Marjorie M. Belcher, his wife, who were aware of the prior agreement with the plaintiffs. Prior to the date defendants sold the property to the Belchers the plaintiffs had paid the defendants the sum of $2,150 in down payments.

Plaintiffs now ask that this court rescind and cancel the agreement of sale; that defendants be made to return the $2,150 down payment plus interest; and that an equitable lien for this sum be placed against the property which has already been conveyed to the Belchers.

Defendants have moved to dismiss the complaint on the ground that plaintiffs have an adequate remedy at law. Plaintiffs claim that this court has jurisdiction on the grounds that equitable rescission and an equitable lien are sought.

As heretofore noted the contract here involved expired by its own terms before plaintiffs instituted this action. There is no suggestion that the contract was recorded. Plaintiffs never took possession of the real estate. Nor do plaintiffs allege that the defendants are insolvent or guilty of fraud or that any question of mistake is involved.

It thus appears that plaintiffs seek the return of their deposit made under a contract rescinded by the action of the parties before the suit was commenced. I infer that it was terminated without any legal fault on the part of either party. Under these circumstances there is certainly no basis for equity to take jurisdiction on the ground of rescission. The mere fact that plaintiffs pray for rescission does not automatically vest this court with jurisdiction of the case. See *Willis v. Fowler,* 102 *Fla.* 35, 136 *So.* 358. Plaintiffs have an adequate remedy at law by way of an action to recover the deposit. See 12 *C.J.S., Cancellation of Instruments,* § 8; compare 95 *A.L.R.* at *p.* 1003.

But plaintiffs claim that they are entitled to an equitable lien to secure the repayment of the deposit. Once again the fact that plaintiffs pray for an equitable lien does not automatically give this court jurisdiction. See 95 *A.L.R. pp.* 1017-1018. There must be something more than a mere claim to an equitable lien before a court of equity is justified in taking jurisdiction over a purely monetary claim. This "something more" does not exist here since plaintiffs do not need cancellation, etc. Compare *Lonzello v. D'Amato,* 107 *N.J.L.* 422, 154 *A.* 336.

Many of the cases relied upon by plaintiffs to show that equity takes jurisdiction of this type of case are not in point. They involved facts justifying equitable intervention apart from the granting of an equitable lien. Even in the Maryland case of *Ahrens v. Ijams,* 156 *Md.* 1, 142 *A.* 489, the court was confronted with allegations tending to show either insolvency or fraud. The general statement therein concerning equitable jurisdiction based on equitable liens cannot be accepted if it is intended to be stated without qualification. See 95 *A.L.R. p.* 1017. Plaintiffs stress the case of *Bradbury v. Giordano,* 10 *N.J.Super.* 414, 76 *A.2d* 815. That case involved a situation which in many respects is quite similar to the present. The Chancery Division of the court there disposed of the case on the merits. However, the court did not discuss the jurisdictional question. Moreover, it is not apparent that the agreement had expired by its own terms. This would create a possible basis for equitable jurisdiction arising out of the necessity for a declaration of rescission. The New Jersey case of *Reilly v. Griffith,* 141 *N.J.Eq.* 154, 56 *A.2d* 502, affirmed on the opinion below, 142 *U.J.Eq.* 724, 61 *A.2d* 235, is distinguishable on the ground that the complaint was construed by the court to call for rescission and cancellation of an existing contract—independent grounds for equitable cognizance.

The English case of *Whitbread & Co., Ltd. v. Watt* [1902], 1 *Ch.* 835, assumed rather than decided that jurisdiction had been established. What the court was called upon to decide was whether or not an equitable lien would be granted where the contract had been rescinded by the vendee pursuant to the contract without either

party being at fault. This point is not here reached because no equity jurisdiction is shown.

I conclude that this court lacks jurisdiction over the subject matter of this complaint and defendants' motion to dismiss will be granted. Plaintiffs are of course free to proceed under the so-called removal of actions' statute. See 10 *Del.C.* § 1901.

Order on notice.