CLARK ET AL. *v.* KIRSNER ET AL.

[No. 205, October Term, 1949.]

*Decided July 19, 1950.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Hyman A. Pressman,* for appellants.

*Joseph Loeffler* with whom were *Harry E. Goertz* and *Bernard J. Medairy* on the brief, for appellees.

MARKELL, J., delivered the opinion of the Court.

This is an appeal from a declaratory judgment in favor of defendants in a suit for a declaratory judgment that an agreement of sale dated January 16, 1947 between defendant Kirsner and plaintiffs is null and void and unenforceable and that defendant Kirsner is indebted to plaintiffs in the sum of $2,060 plus interest.

By an agreement of sale dated January 16, 1947 defendant Kirsner sold to plaintiffs the property 2029 North Payson Street subject to an annual ground rent of $75 for the price of $5500, of which $600 had been paid and the balance was to be paid, $60 monthly on the eighteenth of each month commencing February 18, 1947, these monthly payments to be applied to payment of taxes, ground rent and insurance and all other proper charges against the property, as well as interest on the balance of the purchase price, and the balance, if any, to be applied to the principal of the purchase money. "Upon payment of $1100 including the deposit ($600)" a deed for the property was to be executed which should convey the property by a good and merchantable title. Plaintiffs agreed to execute a mortgage or mortgages for the balance due to a building association and defendant Kirsner, the monthly payments not to exceed $60. Before the execution of the contract defendant Kirsner stated to plaintiffs that he was the owner of the property and that the ground rent was $75. In fact, the property was then owned by the corporate defendant, Linden Holding Company, and the ground rent was $78. Defendant Kirsner and his mother own all the stock of the corporate defendant. He thinks he owns one-third, his mother two-thirds. He says he had power, not written power, to act on behalf of the corporation. He buys and sells real property, for himself or himself and his mother, in his own name or in the name of the corporation. As Judge Niles says, "there is no evidence of any intentional misrepresentation by him. * * * the situation was just as he said; it was a mistaken belief as to who had the title and how much the ground rent was".

Plaintiffs paid $60 a month to defendant Kirsner for twenty-four months and into court for two months. The purchase price has not been reduced by $1,100. Judge Niles says, "The contract is somewhat ambiguous about the payment of $1100, specifically as to whether the payment of that $1100 is meant to be in reduction of principal. I cannot believe that any other interpretation of

the contract was meant or intended by the parties."
Nor can we; nor have defendants urged any other inter-
pretation. Plaintiffs never tendered payment of $1,100
(or the unpaid portion thereof) or demanded conveyance
of the property.

Through receipt of a tax bill in the name of the
corporate defendant and subsequent examination of the
land records by their attorney, plaintiffs learned in
January, 1949 that the property stood in the name of
the corporate defendant and that the ground rent was
$78. They immediately attempted to repudiate the agree-
ment of January 16, 1947 and demanded that defendant
Kirsner refund to them all money paid by them. De-
fendant Kirsner refused to make such refund. Plaintiffs
entered suit for a declaratory judgment on January 18,
1949. Pursuant to an order of court they paid into court
the two sums of $60 payable on February 18, 1949 and
March 18, 1949 respectively. On April 16, 1949 they
moved out of the property. On April 19, 1949 defendant
Kirsner had recorded a deed of the property from the
corporate defendant to him, dated April 18, 1949, and an
agreement, dated April 16, 1949, with the owner of the
ground rent, reducing the ground rent from $78 to $75.

So far as the terms of the contract are concerned, it
is not disputed that if a vendor is able to give good title
at the time for conveyance under the contract, it is
immaterial, at least in the absence of bad faith, that he
may not have been able to do so at the time the contract
was made. *Maryland Construction Co. v. Kuper*, 90 Md.
629, 45 A. 2d 197; *Friedman v. McLane*, 193 Md. 565,
69 A. 2d 253. Nevertheless plaintiffs contend that they
were entitled to rescind because of innocent misrepre-
sentations as to ownership of the property and the amount
of the ground rent, and that the right to rescind could
not be defeated, after it was exercised, by defendant
Kirsner making his misrepresentations good.

We shall assume, without deciding, that plaintiffs have
in this proceeding the same rights, if any, as they would
have in equity. If they had a right to rescind they might

exercise this right by notice and sue to recover payments made in an action for money had and received. Such an action "is commonly said to be equally remedial with a bill in equity." *Poe on Pleading,* § 117.

In equity, unlike an action of deceit, rescission may be had for innocent misrepresentations. *Euzent v. Barrash,* 180 Md. 451, 454-455, 25 A. 2d 462; *Donnelly v. Baltimore Trust Co.,* 102 Md. 1, 32, 61 A. 301; *Cahill v. Applegarth,* 98 Md. 493, 503-504, 56 A. 794. Likewise, unilateral mistake may be a defense to specific performance. *Somerville v. Coppage,* 101 Md. 519, 61 A. 318. But either at law or in equity a misrepresentation (*Pomeroy, Equity Jurisprudence,* 5th Ed., §§ 898, 898a; *Williston on Contracts,* Revised Edition, § 1490) or mistake ( *Williston, supra,* § 1544), to constitute a ground for relief or a defense, must be material. Even in an action of deceit, based on actual fraud, a misrepresentation as to ownership of property sold ordinarily is not material. *Cahill v. Applegarth, supra,* 98 Md. 505, 56 A. 794; *Boulden v. Stilwell,* 100 Md. 543, 556, 60 A. 609, 1 L. R. A., N. S., 258. In proceedings for rescission materiality of innocent misrepresentations is more essential than in case of fraudulent misrepresentations. *Restatement, Contracts,* § 476, comment b; *Williston, supra,* § 1490.

It is unbelievable that plaintiffs in making the agreement of purchase were influenced by belief that defendant Kirsner, and not his corporation, was owner of the property. The evidence indicates that they were not influenced by any such representation and did not care who held the legal title. They did not have any examination made of the land records for two years.

The difference between a $75 ground rent and a $78 ground rent is obviously compensable by an abatement from the purchase price. Purchasers have been compelled by specific performance to take land, deficient in quantity to a much greater degree, upon a proper abatement from the price. *Foley v. Crow,* 37 Md. 51; *Reigart v. Fisher,* 149 Md. 336, 131 A. 568.

*Decree affirmed, with costs.*