545 P.2d 65
**Kenneth L. RIES, Appellant,**

**v.**

**A. H. McCOMB and Jane Doe McComb, his wife, a fictitious name, Appellees.**

**No. I CA–CIV 2577.**

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 3, 1976.

Jones, Teilborg, Sanders, Haga & Parks, P. C., by David L. Haga, Jr., Robert J. Bruno, Phoenix, for appellant.

Glen D. Webster, Jr., Carmichael, McClue & Stephens, P. C., by M. Jeremy Toles, Phoenix, for appellees.

## OPINION

EUBANK, Judge.

This is an appeal from a judgment in favor of the appellee by the trial court, sitting without a jury, holding that appellant should be awarded nothing on his promissory note which was made by appellees.

Appellant raises three questions on appeal:

1. Was the trial court's ruling reasonably supported by the evidence?

2. Did the trial court commit reversible error by allowing into evidence the appointment book and testimony of Mr. John Oliver whose name and existence had never been revealed to opposing counsel prior to the moment Mr. Oliver took the witness stand?

3. Was Kenneth L. Ries a holder in due course of the promissory note and therefore entitled to recover on the note?

The facts are that on August 27, 1971, Don Daniels [1] was employed by GSI, a corporation headed by A. H. McComb, the appellee. Prior to this date, Kenneth L. Ries, appellant, had acquired some real property located on West Adams Street in Phoenix, which he wished to sell. He contacted Daniels, with whom he had done business in the past, to undertake the sale. Daniels located a prospective buyer named Dale Hallock. Hallock offered part cash and the trade of a residential lot in Sedona, Arizona, in exchange for appellant's property on West Adams. At that point, appellant rejected the offer because he did not desire the real property in Sedona. Daniels suggested another transaction to keep the appellant from ending up with the unwanted Sedona land and to complete the sale.

According to appellant's testimony, Daniels announced that McComb would take the Sedona property and give appellant a $4000 promissory note for it. Hallock produced a form note and typed in the blanks, and then the appellant and Daniels went next door to the GSI office, where he was introduced to McComb and where both McComb and Daniels signed the note in his presence.

Thus, the Sedona property was to be conveyed directly to McComb without appellant's ever having title. In fact, before the property was transferred to McComb, Daniels ordered Hallock to transfer it to one DeCastro for the payment of Daniels' personal debt, which was done.

The appellant claims to have received two $40 payments from McComb, although no independent evidence of this fact was introduced into evidence.

At the trial, McComb denied that he had signed the note on August 27, 1971. Rather, he suggested that this was a note which he had signed in blank some thirty days before the day in question and which he had given to Daniels to consummate anoth-

1. Daniels was named as a defendant in the action below, but he was not served—apparently because he was in federal custody somewhere in California.

er and different business deal. After that other deal had fallen through, Daniels returned the note to McComb who placed it in a filing cabinet. McComb testified that he now was unable to find the note.

Moreover, McComb suggested that he was not even in Phoenix on August 27, 1971, but rather that he was in San Francisco. He admitted having met appellant, but he denied having met him on August 27, 1971.

The trial court entered judgment for McComb, without findings of fact or conclusions of law, and Ries has appealed. We reverse and remand for a new trial.

We turn to the second question on appeal which raises the issue that the appellant was surprised by the witness John Oliver. Rule 59(a)(3), Rules of Civil Procedure, 16 A.R.S., allows a motion for new trial to be granted for reason of "[a]ccident or surprise which could not have been prevented by ordinary prudence." Even though appellant's post-trial motion was denominated as a "Motion for Rehearing," it clearly is the functional equivalent of a motion for a new trial for the purposes of Rule 59(a). The motion requests a rehearing on grounds enumerated in Rule 59(a), surprise and that the judgment is not justified by the evidence. Moreover, the relief requested was that the original judgment be vacated and that judgment be entered for the appellant; Rule 59(b) recognizes that this relief is within the scope of the trial court's ruling on a motion for a new trial.

■ The record shows that up until the time that McComb testified, appellant had no idea that this was anything except a simple action on a promissory note, and all of appellee's actions seemed designed to perpetuate that belief. We hold therefore that the trial court abused its discretion in failing to grant a new trial on the grounds of surprise to appellant which could not have been prevented by ordinary prudence. This holding is based on the following facts.

First, no affirmative defenses were raised in either the original answer or the amended answer, despite the fact that Rule 8(d), Rules of Civil Procedure, 16 A.R.S., requires such defenses as failure of consideration, fraud, and "any other matter constituting an avoidance or affirmative defense," to be set forth affirmatively.

■ The pretrial stipulation specifically did raise the defenses of lack of consideration and failure of delivery. Under Rule 6(f), Uniform Rules of Practice of the Superior Court of Arizona, 17A A.R.S., this has the effect of amending the pleadings. However, the evidence adduced at trial did not develop these defenses, which apparently were intended to raise the issue of the unauthorized transfer of the Sedona property to DeCastro. Rather, in addition to his alibi testimony, McComb sought to develop fraudulent behavior on the part of Daniels as a defense to appellant's action on the note. Neither fraud, nor any other defense suggesting avoidance of the note, was properly before the court.

■ It is true that a statement can be found in the pretrial stipulation which arguably refers to Daniels as the source of the dispute between the appellant and McComb: "5. *Other issues of fact or law which the defendant believes to be material:* A. Whether both plaintiff and defendant are victims of a plan and/or scheme concocted by Don Daniels to benefit one person and one person alone; to-wit, Don Daniels." In our opinion, this is grossly inadequate to raise the defense of fraud and theft. Rule 9(b), Rules of Civil Procedure, 16 A.R.S., requires the circumstances constituting a fraud to be stated with particularity. *See Wilson v. Byrd*, 79 Ariz. 302, 288 P.2d 1079 (1955). No circumstances whatsoever were stated here, so appellant had no idea what sort of "plan and/or scheme" McComb could have been referring to.

Second, neither the original nor the amended answer was verified, despite the requirement of verification in Rules

9(i)(6) and 9(i)(8), Rules of Civil Procedure, 16 A.R.S., when the answer sets up "[a] denial of the execution by the defendant or by his authority of any instrument in writing upon which any pleading is based, in whole or in part, and alleged to have been executed by him or by his authority, and not alleged to be lost or destroyed" or "[t]hat a written instrument upon which a pleading is based is without consideration, or that the consideration therefor has failed in whole or in part."

Third, discovery indicated nothing to appellant about the unusual twist which McComb's story would take. Throughout his deposition, his answers to interrogatories, and his answers to requests for admissions, McComb denied knowing anything about the note. No supplemental answers to appellant's interrogatories were filed.

Fourth, a pretrial stipulation was entered into two days before the trial. It was stipulated therein that "[d]efendant admits that he signed a Promissory Note which has heretofore been attached to plaintiff's Complaint marked exhibit A." "Exhibit A" constituted a full and complete copy of the note signed by McComb.

McComb's position at trial was that he admitted the signature on the note, but not that he admitted the note. In view of the pleadings and the wording of the pretrial stipulation, we find this distinction to be both meaningless and unwarranted. If McComb had wanted to rely on this sort of distinction, the stipulation could and should have been drafted less evasively.

However, the most egregious demonstration of surprise, was the use of a witness and his appointment book which were not listed on the pretrial stipulation. Part of McComb's alibi defense was that he thought that he was in San Francisco on August 27, 1971. Although he said that he could not remember, he testified that he had contacted a friend in San Francisco whose appointment diary indicated that McComb had been in California from the 25th to the 27th of August.

Over vigorous objection by appellant's counsel, McComb's friend from San Francisco, John Oliver, was allowed to testify in support of McComb's alibi. Appellees' counsel claimed that Oliver was an impeachment witness and that his appointment book was an impeachment exhibit; Oliver was listed as an impeachment witness in a letter to the court, but the diary was not listed there as an exhibit.

The following colloquy took place between the court and McComb's counsel:

THE COURT: This would not be impeachment testimony; it would be part of your defense, wouldn't it?

MR. WEBSTER: I think it goes to the veracity on impeachment of Mr. Ries, when he says under oath that McComb was here in Phoenix in August of '71.

*It is just as if this gentleman were present to testify contra-wise to Mr. Ries.* This goes to the whereabouts of Mr. McComb, relating to the veracity of Mr. Ries.

THE COURT: If the veracity of one of the witnesses is in issue, you had an opportunity to disclose this witness in your case in chief, and apparently you didn't do it, and the objection is now made you didn't list him as a witness.

MR. WEBSTER: This to me is impeachment matter.

THE COURT: All of your witnesses are impeaching witnesses, if you take that view. I think the rule has to do with matters which are not made issues in the case, and which you don't expect to develop in a certain way, then you have a right to impeach that witness.

MR. WEBSTER: This is not a direct issue in the case as such. I believe it is directed to the veracity of Mr. Ries.

THE COURT: The plaintiff testified he signed the note—that your client signed the note in his presence. In defense of that allegation, you allege he wasn't even there?

MR. WEBSTER: It is a general denial pursuant to answers submitted by former counsel of record.

THE COURT: Don't you think the other side was entitled to know about that before the trial?

MR. WEBSTER: I think that would come under the general denial in the answers, and this is what impeachment is all about, as I see it.

THE COURT: Is this witness going to testify your client was in San Francisco or somewhere else at that time?

MR. WEBSTER: That is correct.

THE COURT: Nothing new, other than what your client has already testified to?

MR. WEBSTER: I didn't hear you.

THE COURT: Nothing new other than what your client already testified?

MR. WEBSTER: *It is to corroborate the testimony of the witness Mr. McComb*, and to impeach Mr. Ries.

THE COURT: I frankly don't see how it is impeachment, but I will exercise some discretion and let you examine him as to the impeachment. (Emphasis added)

Impeachment is an attack upon the credibility of a witness, but it is not a process whereby substantive evidence is adduced. Hence, the rule is that impeachment matters are strictly collateral to the main issues. Udall, *Arizona Law of Evidence* § 63 (1960). If, as in this case, a witness merely reinforces the disparity between the positions of the parties to the litigation, then the witness has not impeached anyone but rather has contributed to the factual conflict which must be resolved by the trier of fact. Thus, simple contradiction is not impeachment. *Id.* § 62.

The court was correct that the offered testimony was not impeaching testimony, but the court abused its discretion in allowing the testimony into evidence. Since Oliver was not revealed to appellant in advance of the trial, it was error for Oliver to have testified.

In view of our disposition of this case, it is not necessary to reach the other issues raised by appellant.

The judgment is reversed and the case is remanded for a new trial.

JACOBSON, P. J., and HAIRE, Chief Judge, Division 1, concurring.