546 P.2d 1163

Dale G. FRUTH, a single man, and Goebel Realty, Inc., an Arizona Corporation, Appellants,

v.

Louis N. DIVITO and Doris Divito, his wife, and Kenneth D. Osborn and Judith Ann Osborn, his wife, Appellees.

No. 1 CA–CIV 2720.

Court of Appeals of Arizona,
Division 1,
Department C.

March 11, 1976.

Rehearing Denied April 21, 1976.

Review Denied May 11, 1976.

Biaett & Bahde, by Kenneth Biaett, Phoenix, for appellants.

Machmer, Schlosser & Meitz, Ltd., by Gerald A. Machmer, Phoenix, for appellees DiVito.

Skousen, McLaws & Skousen, P. C., by Richard E. Skousen, Mesa, for appellees Osborn.

## OPINION

EUBANK, Judge.

This appeal presents the question whether certain defenses were raised sufficiently in advance of trial to have allowed them to be considered by the trial court when it directed a verdict in defendants' (appellees') favor.

The appellees, the DiVitos and the Osborns, owned certain contiguous parcels of undeveloped realty which they listed for sale exclusively with appellant Goebel Realty, Inc. The property was sold with the understanding that a "four-plex" would be constructed on each parcel. According to the listing agreement, the developer was to be Black Canyon Construction, Inc.

One parcel was sold to appellant Fruth, a salesman who worked for Goebel, and a

second parcel was sold to a Mr. and Mrs. Thompson. The "four-plexes" never were built, and the vendees sued for damages for breach of contract. Goebel sued for its commission.

The cause was tried to the court sitting without a jury. After plaintiffs rested, defendants' motion for a directed verdict was granted. However, without hearing any more testimony, the court entered judgment for Thompsons on their claims. Fruth and Goebel have appealed; the DiVitos and Osborns cross-appealed the judgment in favor of the Thompsons, but their cross-appeal was dismissed and is not before us.

The trial court produced findings of fact and conclusions of law which indicate that the court believed Fruth to have violated his fiduciary duty to the vendor-appellees by being both the sellers' agent and the buyer. The findings also spoke of commercial frustration, but this seems not to have been a basis for the court's decision since the Thompsons recovered without regard to any commercial frustration. In addition, the findings emphasized the fact that the listing agreement mentioned Black Canyon Construction as the builder, while neither of the sales contracts mentioned any particular construction company. Thus, the defense of mistake apparently was important to the trial court in its determination.

Appellants claim that they were surprised by defenses raised at trial which had not been raised earlier. Appellees claim that the defenses were raised either by their general denials or by the following segments of their pretrial statement:

## CONTESTED ISSUES OF
## FACT AND LAW
\* \* \* \* \* \*
9. Is the fact that Dale Fruth, as a salesman for Goebel Realty, another Plaintiff, at the time of the transaction in question precluded from recovering any damages or reduce or mitigate Goebel Realty Company's damages for the fact that he would partake in the real estate commission awarded to Goebel Realty, and should Bill Fruth [sic], as an agent of Goebel Realty, be estopped from denying that he knew that said purchase contracts were void in that they could not convey the title to real property because they did not contain a legal description and as community property were not signed by the wife [sic] of the Sellers.

\* \* \* . \* \* \*

## ADDITIONAL ISSUES DEEMED MATERIAL BY DEFENDANTS .
\* \* \* \* \* \*
2. Whether unforseen [sic] occurrances [sic] would cause the contract to be of no effect.

■ This averment, number 9, raising the issue of an intentional breach of a fiduciary relationship as a defense, is basically in fraud, *cf. Stewart v. Phoenix National Bank*, 49 Ariz. 34, 64 P.2d 101 (1937), and fraud is a defense which must be pleaded affirmatively rather than generally, Rule 8(d), Rules of Civil Procedure, 16 A.R.S. Moreover, Rule 9(b), Rules of Civil Procedure, 16 A.R.S., requires that "the circumstances constituting fraud or mistake shall be stated with particularity," and this is equally true when fraud is a defense to an action. *Ries v. McComb*, 25 Ariz.App. 554, 545 P.2d 65 (1976).

■ Therefore, a general denial would not raise the issue of the breach of the fiduciary relationship. Moreover, we hold that the pretrial stipulation was insufficient to raise the defense, since it merely states a legal issue—whether Fruth could recover—instead of setting forth particularized factual circumstances which gave rise to the alleged breach. The purpose of this requirement is to eliminate surprise at trial and to allow issues to be developed by an adversary exchange prior to trial. *See Ries v. McComb, supra.*

■ A similar argument applies to a defense of commercial frustration. Frustration, being a matter which constitutes an

avoidance, would have to be pleaded affirmatively. Rule 8(d), Rules of Civil Procedure, 16 A.R.S. Although our procedural rules are much simplified from the rigid requirements of the early common law or Code states, we are unable to hold that the pretrial statement, "whether unforeseen occurrences would cause the contract to be of no effect," affirmatively raised the defense of commercial frustration.

Appellants argue that mistake could only have been raised by appellees through the use of a counterclaim to seek reformation of the contract. We do not find this to be the case, since it seems clear that mistake can be raised as a defense. As stated in *Gillespie v. Moon*, 2 Johns.N.Y. Ch. 585 at 595 (1817), "The mistake may be shown by parol proof, and the relief granted to the injured party, *whether he sets up the mistake affirmatively, by bill, or as a defence* [emphasis added]." The Court of Appeals of Maryland has noted that, ". . . either at law or in equity a misrepresentation [citations omitted] or mistake [citation omitted], *to constitute a ground for relief or a defense*, must be material [emphasis added]." *Clark v. Kirsner*, 196 Md. 52 at 56, 74 A.2d 830 at 832 (1950). *See also,* 17 C.J.S. *Contracts* § 146 (1963).

However, the same objections which have been made toward the trial court's consideration of the other defenses, apply as well to the defense of mistake. Being an avoidance, it would have to be pleaded affirmatively, Rule 8(d), Rules of Civil Procedure, 16 A.R.S. The requirement of particularization of Rule 9(b), Rules of Civil Procedure, 16 A.R.S., also would apply, so general denials in an answer would not suffice to raise the defense. Moreover, there is nothing in the pretrial statement which even arguably raises the existence of a mistake. Thus, it was improper for the trial court to have based its decision on the presence of mistake.

Finally, the direction of a verdict in this case constituted reversible error. A directed verdict is proper where no evidence has been introduced which would justify a reasonable person in returning a verdict in favor of the other party. *Cano v. Neill*, 12 Ariz.App. 562, 473 P.2d 487 (1970); *City of Phoenix v. Brown*, 88 Ariz. 60, 352 P.2d 754 (1960). Certain facts in this case, namely the specific designation on the purchase contract of Fruth as both salesman and purchaser, the notation on the escrow instructions that Fruth was to receive the commission, and the period of time allowed in the contract for the units to have been built, suggest that there was more merit to appellants' case than would allow the direction of a verdict. Quite simply, the case was not developed enough for the court to have been able to determine that appellees were entitled to a directed verdict as a matter of law.

The judgment is reversed and the case remanded for a new trial.

NELSON, P. J., and HAIRE, Chief Judge, Division 1, concurring.