709 P.2d 904

**CHANEY BUILDING COMPANY, INC., an Arizona corporation, Plaintiff/Appellant,**

**v.**

**SUNNYSIDE SCHOOL DISTRICT NO. 12, Defendant/Appellee.**

**No. 2 CA–CIV 5373.**

Court of Appeals of Arizona, Division 2, Department B.

Oct. 3, 1985.

Rehearing Denied Nov. 5, 1985.

Law Office of Norris L. Ganson by Norris L. Ganson, Tucson, for plaintiff/appellant.

DeConcini, McDonald, Brammer, Yetwin & Lacy, P.C. by John R. McDonald, and Spencer A. Smith, Tucson, for defendant/appellee.

## OPINION

LACAGNINA, Judge.

Chaney Building Co., Inc. appeals from a directed verdict in favor of Sunnyside Unified School District No. 12 in a case brought to recover contract payments withheld for performance delay, on the grounds that the terms of the contract required Chaney to give written notice within 7 days from the beginning of any delay and that the lack of evidence of compliance with this provision entitled Sunnyside to judgment as a matter of law. The contract completion date was August 21, 1982. Chaney, after completing the project on or about November 23, 1982, requested a 90-day extension. Sunnyside only granted a 21-day extension, and after determining the project was 73 days late, assessed a penalty of $18,177 as liquidated damages.

On appeal, Chaney argues that Sunnyside had actual notice of the reasons for delay, and by permitting a 21-day extension without compliance with the 7-day notice requirement, Sunnyside waived its right to deny the extension for 73 days, based solely on its failure to give 7 days' notice and not on the merits of its claim.

Sunnyside argues that the 7-day written notice requirement was a condition precedent which had to occur before it had any obligation to consider the request, and that judicial review of the school board's decision is limited to the sole issue of whether their actions were unreasonable, arbitrary or capricious.

Both arguments are persuasive, but we reverse the trial court and remand for new trial because Chaney presented sufficient evidence for submission to the jury on the issue of waiver and the issue of whether the actions of Sunnyside were unreasonable, arbitrary or capricious.

I

## WITH ACTUAL NOTICE OF CAUSE OF DELAY AND NO RESULTING PREJUDICE, JURY COULD FIND SUNNYSIDE'S ACTIONS ARBITRARY AND CAPRICIOUS

█ It has been long established that a motion for directed verdict admits the truth of all evidence introduced by the party opposing the motion, including all reasonable inferences that could be drawn from the evidence. As an appellate court, we must view the evidence in the light most favorable to the party opposing the motion. *Rocky Mountain Fire & Casualty Co. v. Biddulph Oldsmobile*, 131 Ariz. 289, 640 P.2d 851 (1982); *Gibson v. Boyle*, 139 Ariz. 512, 679 P.2d 535 (App.1984). Although the contract required 7 days' written notice from the beginning of any delay, there was sufficient evidence for the jury to find that Sunnyside through the architect and supervisory administration officers had actual notice of the beginning of the delays and reasons causing the delays.

In the course of completing the project, Chaney encountered causes for delay which extended the completion date beyond August 21, 1982. One delay was caused by wind damage occurring sometime in August, 1982. The other delay was caused by Chaney's inability to obtain technical data from the basketball backboard supplier concerning dynamic load information. The subcontractor furnishing the roof trusses demanded this information before it would provide the trusses for the gymnasium. Chaney continued to contact other suppliers, and during this time, from late April 1982 to August 2, 1982, all parties concerned had actual knowledge of the attempts and difficulties in obtaining this information. On August 11, 1982, Chaney received written approval by a change or-

der to substitute a backstop from a supplier who would provide the additional technical data. Additional funds were authorized for payment of the substitution from a contingency fund established by the terms of the contract. There was no evidence that actual notice rather than formal notice was prejudicial to Sunnyside.

Chaney failed to complete the contract on August 21, 1982, and requested a 90-day extension. This request was discussed by Sunnyside on September 2, 1982, and at a regular meeting held on September 28, 1982. After the regular meeting, Sunnyside granted a 21-day extension for the wind damage but on advice of counsel for the school board, refused to grant additional time because of insufficient information and because the 7-day notification period was not adhered to. Thereafter, at the request of Sunnyside and subsequent to a meeting of all the parties held on November 29, 1982, the architect submitted a written letter report explaining the causes for the delay and the action taken by the parties during the course of construction (Exhibit 9). After stating in chronological order a blow by blow description of the delays occasioned by the inability to receive the backstop dynamic loading data, he recommended the following:

In reviewing the above information, I conclude that whereas an enormous amount of time was spent by both the Contractor and the Architect, the problem was unusual and not readily foreseeable, and that both the Contractor and Architect expended large amounts of both time and expense to try to correct the problem. I thereby recommend the necessary full 90 day time extension.

On January 6, 1983, Sunnyside asked the architect to provide additional information for the board's legal counsel in order for him to make a recommendation pertaining to the assessment of the liquidated damages penalty (Exhibit 10). On January 18, 1983, the architect responded (Exhibit 5), referred to his December 3, 1982 letter (Exhibit 9) and again concluded:

In response to the first question, I can only draw your attention to the third paragraph of my letter of December 3rd, which indicates that the delay occurred because the backstop manufacturer would not provide the impact loading criteria that the truss manufacturer required of them. The delay was not caused by any act or error of either the Architect or the General Contractor.

Realistically, the problem was unforeseeable in nature, and consequently, could not have been avoided.

Therefore, in my opinion, the District should not assess the liquidated damages penalty against the Contractor.

■ The contract provided that the completion time shall be extended when delay for completion of the work was due to unforseeable causes beyond the control and without the fault or negligence of the contractor. The jury, therefore, could have inferred and reasonably concluded that this action by Sunnyside, requiring 7 days' written notice in one instance (backstop) and not in the other (wind delay) was unreasonable, arbitrary and capricious. Although we agree with Sunnyside that judicial review of their actions as a school board is limited to a determination of whether that action was unreasonable, arbitrary or capricious, in this case there was sufficient evidence on that issue for submission to the jury.

## II

## SUNNYSIDE WAIVED NOTICE REQUIREMENT BY CONSIDERING THE MERITS

On February 15, 1983, Sunnyside made the decision to deny the request for extension and withheld their liquidated damages from final payment. The trial court granted Sunnyside's motion for directed verdict because there was no evidence that Chaney had given 7 days' written notice at the beginning of any delay. Sunnyside argues that even if Chaney had been entitled to an extension pursuant to the terms of the contract, it lost that right by failure to

notify within 7 days of the beginning of the delay. We disagree.

■ No request for an extension of time was made within the 7-day written notice provision, and Sunnyside might have decided to reject the entire claim for a 90-day extension based on this reason alone. But once Sunnyside undertook to determine and decide the merits of the claim supporting the request for the 90-day extension, as shown by the evidence in exhibits listed above, a jury could infer they waived strict compliance with the 7-day written notice provision. A jury could find waiver from their conduct, granting 21 days of the request, without written notice for wind storm damage. Sunnyside could have refused the additional extension of time, beyond the 21 days granted, for lack of merit or for not being covered by the reasons permitted for delay in the contract but not solely for the lack of a written request within 7 days after the beginning of the delay.

## III

### QUESTIONS OF EXCUSABLE DELAY AND WAIVER ARE FOR THE TRIER OF FACT

Our supreme court recently addressed the issue of enforcement of a written notice provision for added compensation in a public contract, *New Pueblo Construction, Inc. v. State*, 144 Ariz. 95, 696 P.2d 185 (1985), and concluded that barring claims for compensation is disapproved where the governing body is aware of the changed conditions and no prejudice is shown by lack of formal notice required by the contract. The supreme court further held that contentions of excusable delay warranting remission of liquidated damages present a question of fact and are reviewable by the courts. *New Pueblo Construction, supra.* The supreme court stated in this regard the following:

We concede that courts need not defer to administrative expertise unless they are convinced that the administrator is reasonably exercising this expertise. There

is also a special potential for abuse of discretion when the State is both a party to a contract and its officials determine the private contractor's rights under the contract.

*Id.* at 193.

And further the supreme court said:

Refusal to waive liquidated damages is not capricious merely because no actual harm results after a contractor inexcusably delays constructing highway safety features. Viewing the evidence favorably to uphold the jury's verdict, however, we find no error. The jury could have reasonably found that the administrator acted capriciously in refusing to admit liquidated damages because the delay was caused by an act of God beyond the contractor's control and not merely because of a lack of harm owing to the delay.

*Id.*

Finally, the courts of this state have repeatedly held that waiver may be inferred from conduct and is, therefore, a question of fact to be determined by the trier of fact. *Concannon v. Yewell*, 16 Ariz.App. 320, 493 P.2d 122 (1972).

## IV

### CONCLUSION

In summary, the evidence presented was sufficient for the trier of fact to infer that Sunnyside had actual notice of the delays by conferring, discussing and approving a change order for substitution of the backstop, thereby making a 7-day written notice duplicitous and unnecessary; that by considering and reviewing the reasons for the delay caused by the backstop dynamic load problem, they waived the right to deny the claim solely on lack of notice; that the architect's reasons and recommendations were valid and entitled Chaney to an extension under the terms of the contract and that failure to grant the extension was unreasonable, arbitrary and capricious; that the waiver of the required notice for only part of the requested extension was arbitrary and capricious.

The judgment of the trial court is reversed, including the judgment for attorney's fees, and is remanded for new trial.

HATHAWAY, P.J., and LIVERMORE, J., concur.