767 P.2d 725

**Robert HOFFMAN, a single man, Plaintiff/Appellant,**

v.

**Bruce D. GREENBERG and Alayne Greenberg, husband and wife; Michael P. McCalley and Shirley McCalley, husband and wife; Greenberg, Campbell & Associates, Defendants/Appellees.**

No. 2 CA–CV 88–0104.

Court of Appeals of Arizona, Division 2, Department A.

Nov. 10, 1988.

Petition and Cross–Petition for Review Denied Feb. 15, 1989.

378

Law Offices of Garven W. Videen by Garven W. Videen, and Law Offices of Richard L. Keefe by Richard L. Keefe, Tucson, for plaintiff/appellant.

Alpert, Fein & Hameroff, P.C. by James A. Fein, and Hazlett & Wilkes by James M. Wilkes, Tucson, for defendants/appellees.

## OPINION

HATHAWAY, Judge.

This appeal is taken from the trial court's order granting a directed verdict for appellees on appellant's claims of negligent misrepresentation, negligence, and breach of implied warranty.

Appellees Bruce Greenberg and Michael McCalley are real estate appraisers for appellee Greenberg, Campbell & Associates. In June 1982, John Olsson sent a letter to Greenberg requesting that Greenberg appraise three parcels of undeveloped land owned by Olsson. The appraisal was completed and sent to Olsson later that month.

In the spring of 1982 appellant Hoffman had listed for sale with Alan Mandelberg, a real estate agent, two apartment complexes which Hoffman owned. In August 1982, Olsson had a meeting with Mandelberg and gave him the appraisal report prepared by Greenberg the previous month. Mandelberg passed the report to Hoffman, and in reliance on the report, Hoffman exchanged his equity in the two apartment complexes for two of the parcels discussed in the appraisal.

Hoffman subsequently became dissatisfied with the exchange and filed suit against appellees, and others who are not parties to this appeal, alleging that the appraisal report had been negligently prepared in that it overstated the value of the two parcels. At the close of appellant's case, appellees moved for and were granted directed verdicts on the three counts of the complaint directed at them. This appeal followed.

Appellant raises three issues on appeal: (1) Greenberg negligently prepared the appraisal report which caused Hoffman damages; (2) Greenberg prepared an appraisal containing false representations and negligent misrepresentations which Hoffman relied on to his detriment; and (3) Greenberg impliedly warranted to Hoffman that the appraisal had been prepared in a reasonable and non-negligent manner and breached that warranty causing Hoffman damages. We affirm.

■ On appeal from the granting of a motion for a directed verdict we must view the evidence in the light most favorable to the party opposing the motion. *Rocky Mountain Fire and Casualty Co. v. Biddulph Oldsmobile*, 131 Ariz. 289, 640 P.2d 851 (1982); *Chaney Building Co. Inc. v. Sunnyside School District No. 12*, 147 Ariz. 270, 709 P.2d 904 (App.1985). However, we will affirm the granting of a directed verdict if any one of the grounds on which the motion is based is sufficient and the result is the only one that could be reached as a matter of law. *Davis v. Weber*, 93 Ariz. 312, 380 P.2d 608 (1963); *Cowen v. Valley National Bank*, 67 Ariz. 210, 193 P.2d 918 (1948). Where the plaintiff has introduced no evidence which would justify a reasonable person in returning a verdict in favor of the plaintiff a directed verdict for the defendant is proper. *Fruth v. Divito*, 26 Ariz.App. 154, 546 P.2d 1163 (1976); *Hildebrand v. Minyard*, 16 Ariz. App. 583, 494 P.2d 1328 (1972).

Assuming, arguendo, that the appraisal was negligently prepared by Greenberg, it is Olsson who was Greenberg's client because the appraisal was prepared for him. It is clear from the record that Olsson did not tell Greenberg his intended use of the appraisal. Olsson testified that he did not tell Greenberg the function or purpose of the appraisal as he considered it "none of his business." The appraisal report itself

stated that "The function of this report is to aid our client in a decision making process." The report also states that it "may [not] be used for any purpose other than its intended use." From the terms of the report, it is clear that Greenberg intended the report be used only by Olsson and did not contemplate or anticipate its dissemination to others.

Hoffman argues that it was reasonably foreseeable to Greenberg that Olsson would give a copy of the appraisal to Hoffman and that Greenberg knew or should have known that he would rely on the report to his detriment. He relies on *Donnelly Construction Co. v. Oberg/Hunt/Gilleland*, 139 Ariz. 184, 677 P.2d 1292 (1984). We believe that case is distinguishable. There, an architect negligently drew plans upon which a construction company relied to its detriment in preparing its bid for the construction contract. The court found that it was known that a construction company would rely on the architect's plans and would be damaged if the plans were negligently prepared. The court then stated: "Duty and liability are only imposed where both the plaintiff and the risk are foreseeable to a reasonable person." *Id.* at 187, 677 P.2d at 1295. The holding in that case was limited to design professionals who will be held liable for foreseeable injuries to foreseeable victims.

The report was prepared to aid Olsson in making a decision. To adopt appellant's position would make Greenberg liable to anyone who happened to obtain and rely on the report.

We believe the Restatement (Second) of Torts § 552 (1965), followed in *Donnelly Const. Co. v. Oberg/Hunt/Gilleland, supra*, is instructive.

§ 552. Information Negligently Supplied for the Guidance of Others.

(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

(2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered

(a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and

(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.

(3) The liability of one who is under a public duty to give the information extends to loss suffered by any of the class of persons for whose benefit the duty is created, in any of the transactions in which it is intended to protect them.

Illustration 10 describes a fact situation similar to the one before us.

A, an independent public accountant, is retained by B Company to conduct an annual audit of the customary scope for the corporation and to furnish his opinion on the corporation's financial statements. A is not informed of any intended use of the financial statements; but A knows that the financial statements, accompanied by an auditor's opinion, are customarily used in a wide variety of financial transactions by the corporation and that they may be relied upon by lenders, investors, shareholders, creditors, purchasers and the like, in numerous possible kinds of transactions. In fact B Company uses the financial statements and accompanying auditor's opinion to obtain a loan from X Bank. Because of A's negligence, he issues an unqualifiedly favorable opinion upon a balance sheet that materially misstates the financial position of B Company, and through reliance upon it X Bank suffers pecuniary loss. A is not liable to X Bank.

Greenberg was not told of the intended use of the appraisal, albeit he may have been aware that investors make wide use of appraisals and that others rely on

them. His enquiry to Olsson was frustrated by the "none of his business" answer. Greenberg could reasonably have concluded that the appraisal was to be used to assist Olsson in arriving at a value of the property for his internal purposes. Indeed, the disclaimer suggests that contemplated usage in the statement that its function was "to aid our client in a decision-making process." Prosser and Keeton on Torts § 107, at p. 746, observe:

> The obligation arising out of the implied promise to render [professional] service with reasonable care extends to the promisee and third party beneficiaries, and it is extremely doubtful if courts have carried liability any further than could have been carried through the reasonable application of third party beneficiary ideas.

Thus, the professional has been held liable for damage to the client. The professional's liability is limited to that which could have been imposed on a contractual basis. *Id.* The class of known plaintiffs has been recognized as so large as to impose an unreasonable burden. *Id.* In the leading case on the subject, from which Illustration 10 is taken, *Ultramares Corp. v. Touche, Niven & C.,* 255 N.Y. 170, 174 N.E. 441 (1931), Justice Cardozo states:

> If liability for negligence exists, a thoughtless slip or blunder, the failure to detect a theft or forgery beneath the cover of deceptive entries, may expose accountants to a liability in an indeterminate amount for an indeterminate time to an indeterminate class. The hazards of a business conducted on these terms are so extreme as to enkindle doubt whether a flaw may not exist in the implication of a duty that exposes to these consequences.

See also *Fickett v. Superior Court of Pima County,* 27 Ariz.App. 793, 558 P.2d 988 (1976). Olsson used the appraisal to convince Hoffman to enter into a property exchange. Hoffman relied on the negligently prepared report and suffered pecuniary loss. Greenberg's duty is not to Hoffman, nor is he liable to him.

Greenberg, in the answering brief, complains that the trial court erred in not awarding attorney's fees to appellees as the prevailing parties. No cross-appeal was taken from the trial court's denial of attorney's fees. We therefore cannot consider this argument. *Maricopa County v. Corporation Commission of Arizona,* 79 Ariz. 307, 289 P.2d 183 (1955); *Ryan v. State,* 150 Ariz. 549, 724 P.2d 1218 (App. 1986).

Greenberg has also requested attorney's fees on appeal pursuant to Ariz.R. Civ.App.P. 25, 17B A.R.S., alleging that the appeal is frivolous and sanctions should be applied. While we have found the appeal to be without merit, we do not find it frivolous. The line between an appeal which has no merit and one which is frivolous is very fine, and we exercise our power to punish sparingly. *Price v. Price,* 134 Ariz. 112, 654 P.2d 46 (App.1982).

Nor do we believe Greenberg is entitled to attorney's fees under A.R.S. § 12–341.01 based on his contract with Olsson. The complaint against Greenberg is in tort. Hoffman is alleging professional malpractice on the part of Greenberg in negligently preparing the appraisal report. Our Supreme Court has addressed this issue adversely to Greenberg's position in *Barmat v. John and Jane Doe Partners A–D,* 155 Ariz. 515, 747 P.2d 1214 (1986). Attorney's fees are denied on appeal.

AFFIRMED.

LIVERMORE, P.J., and ROLL, J., concur.