NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

In re the Matter of:

LESLIE COX SCHREINER, *Petitioner/Appellee,*

*v.*

MARK SCHREINER, *Respondent/Appellant.*

No. 1 CA-CV 18-0619 FC
FILED 8-13-2019

Appeal from the Superior Court in Maricopa County
No. FC2014-004798
The Honorable Michael C. Blair, Judge

**AFFIRMED**

COUNSEL

The Harrian Law Firm, P.L.C., Glendale
By Daniel Riley
*Counsel for Petitioner/Appellee*

Mark Schreiner, Phoenix
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Lawrence F. Winthrop joined.

---

**P E R K I N S**, Judge:

¶1        Mark Schreiner ("Husband") appeals the trial court's denial of his motion for relief from judgment. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        Leslie Schreiner ("Wife") petitioned for legal separation from Husband in June 2014 and later amended her petition to seek dissolution. The court entered a dissolution decree in April 2016 after extensive litigation involving the appointment of a special master, two special master reports, and a trial.

¶3        At the time the court entered the dissolution decree, the parties had three businesses: Schreiner Business Pro, LLC ("SBP"), jointly owned and operated by the parties during the marriage; Accounting Business Partners, LLC ("ABP"), started by Wife after she filed for legal separation; and Strategic Sourcing LLC, started by Husband in December 2014. The court found that SBP and ABP were "virtually identical" with overlapping customers and prospective customers. The court further found that Wife violated her fiduciary responsibility to SBP because ABP solicited SBP's customers. To account for this, the court awarded Wife SBP and ABP and required Wife to pay Husband "one half of the value of SBP and ABP on an appropriate valuation date." Recognizing the existence of disputes over compensation paid to the parties, the special master's valuation of the combined businesses, and personal expenses of each party paid by the businesses, the court ordered Wife pay Husband $204,246.00 less other equalization payments unrelated to the businesses. In calculating this amount, the court deviated from the special master's business valuation, based in part on Husband's arguments, and also made adjustments to compensate for Wife's allegedly higher compensation and reimbursement of personal expenses.

¶4        Husband moved for a new trial or, alternatively, to amend the judgment on April 18, 2016. After considering the motion, the court denied Husband's request. Neither party appealed the court's decree.

¶5        On July 2, 2018, Husband moved for relief from judgment pursuant to Arizona Rule of Family Law Procedure ("ARFLP") 85(C) (2018), alleging Wife had committed "fraud upon the court" by misrepresenting her income during the pendency of the dissolution proceedings. Husband further alleged an on-going disparity in the parties' respective income after the dissolution decree was entered and requested the court re-open spousal maintenance and re-allocate the division of assets. Finally, Husband requested that Wife pay him attorney's fees and costs, including more than $41,000 for forensic accounting work he alleges he performed. The court denied Husband's motion as untimely under Rule 85(C)(2), which required that motions for relief from judgment for fraud or misrepresentation be filed no later than six months after an order is entered. Husband now appeals.

## DISCUSSION

¶6        We review the denial of a Rule 85 motion for relief from judgment for abuse of discretion. *Quijada v. Quijada*, 246 Ariz. 217, 220, ¶ 7 (App. 2019). We review the application of rules *de novo*. *Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012).

### I.     Rule 85 Motion

¶7        Husband argues that Wife committed fraud upon the court during the parties' dissolution proceedings. Husband cites Wife's allegedly false testimony at evidentiary hearings and trial, misrepresentations in Wife's August and October 2015 affidavits of financial information ("AFI"), obstruction of discovery before the special master, and alleged violations of a preliminary injunction filed under Arizona Revised Statutes ("A.R.S.") section 25-315.

¶8        Husband's allegations can be divided into three categories: (1) misrepresentation or fraud in Wife's AFIs and at trial; (2) obstruction of the discovery process; and (3) disposing of assets in contravention of the preliminary injunction. Other than Wife's allegedly false testimony at trial, Husband raised these issues before the court entered the dissolution decree. For example, in a November 2015 objection to the special master's report, Husband alleged Wife misrepresented SBP and ABP's revenue, concealed personal expenses in SBP's business expenses, and prevented Husband and the special master from accessing SBP's accounting records. Additionally,

Husband raised Wife's diversion of community assets during the dissolution proceedings. Husband did not appeal from the April 2016 dissolution decree or denial of his motion for a new trial. To the extent Husband argues violations of the discovery process or the preliminary injunction provide a basis for reversal beyond ARFLP 85, we lack jurisdiction to consider those arguments because the time for filing an appeal from the judgment has long passed. Ariz. R. Civ. App. P. ("ARCAP") 9(a) (appeal must be filed no later than 30 days from entry of final judgment); *In re Marriage of Thorn*, 235 Ariz. 216, 218, ¶ 5 (App. 2014) (timely notice of appeal is prerequisite to jurisdiction).

**¶9** Husband requests relief from judgment based on fraud, misrepresentations, and fraud upon the court pursuant to Rule 85. ARFLP 85(C) requires that a motion for relief from judgment be brought within a "reasonable time." If the motion is based on a mistake, excusable neglect, newly discovered evidence, fraud, misrepresentation, or misconduct of an adverse party, the motion must be brought "not more than six [] months after the judgment." ARFLP 85(C)(2). Rule 85(C)(3) permits the court to set aside the judgment for "fraud upon the court" outside these time constraints. Fraud upon the court occurs when "a party has prevented a real contest before the court of the subject matter of the suit, or, put differently, has committed some intentional act or conduct . . . that has prevented the unsuccessful party from having a fair submission of the controversy." *McNeil v. Hoskyns*, 236 Ariz. 173, 176–77, ¶ 14 (App. 2014) (internal quotation marks, alterations, and citations omitted).

**¶10** It is unclear from the record whether the trial court determined that no fraud occurred or that any fraud that did occur did not rise to the level of fraud upon the court. Even assuming Wife made misrepresentations in her affidavits and testimony, the misrepresentations Husband points to do not, as a matter of law, amount to fraud upon the court.

**¶11** "A false statement to the court about a matter in dispute rarely will constitute a fraud on the court." *Id.* at 178, ¶ 23. Husband alleges fraud in Wife's statements, both written and at trial, regarding her net income and her monthly expenses. During the dissolution proceedings, Husband heavily contested these matters, and the court acknowledged Husband's arguments, in some cases granting relief. Husband's allegations of fraud concern matters that were in dispute before the court rather than conduct by Wife which prevented submission of the matter to the court. *See id.* at 176–77, ¶ 14. For example, Husband contends Wife committed fraud upon the court in diverting revenue, clients, and new client leads from SBP

4

to ABP. But Husband made this argument to the trial court and the court agreed, treating SBP and ABP as a single entity and requiring Wife to pay an equalization payment to Husband in the amount of one half the combined value of SBP and ABP, subject to unrelated offsets. Husband cannot re-frame these issues—some of which he prevailed on—as a fraud upon the court simply to re-urge them. Moreover, because each of these issues was in dispute before the court, there was no fraud upon the court. *See id.* at 178, ¶ 23.

**¶12**        At most, Wife's acts and alleged acts amounted to "fraud" or "misrepresentation[s]" by the opposing party as contemplated by Rule 85(C)(2). Rule 85(C)(2) prohibits motions for relief from judgment for fraud or misrepresentation if they are filed more than six months after the entry of judgment. ARFLP 85(C). The dissolution decree was entered on April 1, 2016. Husband filed the two motions at issue on July 2, 2018. Thus, Husband's motions are untimely, and the trial court properly denied them.

## II.        Attorney's Fees and Costs

**¶13**        Wife requests attorney's fees under ARCAP 25. In relevant part, ARCAP 25 permits this court to impose sanctions on a party if we determine an appeal is frivolous. ARCAP 25. These sanctions may include imposing costs or attorney's fees. *Id.* Wife did not request fees or costs on any other basis.

**¶14**        The line between a meritless appeal and a frivolous appeal that justifies sanctions is narrow. *Hoffman v. Greenberg*, 159 Ariz. 377, 380 (App. 1988). An appeal is frivolous, absent an allegation of improper motive, only if there is no colorable legal theory to support it. *Ariz. Tax Research Ass'n v. Dep't of Rev.*, 163 Ariz. 255, 258 (1989). Moreover, we exercise our authority to punish litigants for frivolous appeals "most sparingly." *Price v. Price*, 134 Ariz. 112, 114 (App. 1982) (citation omitted). In the exercise of our discretion, we decline to impose sanctions pursuant to ARCAP 25 as Husband's positions, while unreasonable, do not warrant sanctions.

## CONCLUSION

**¶15**        Based on the foregoing, we affirm the trial court's denial of Husband's Rule 85 motions. In the exercise of our discretion, we decline to impose sanctions on Husband pursuant to ARCAP 25. Wife is entitled to

her costs on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA