NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA, ex rel, DES

ELLIE CARAN GUARDIOLA, *Petitioners/Appellees*,

*v.*

MARK PENNINGTON, *Respondent/Appellant*.

No. 1 CA-CV 22-0512 FC
FILED 4-27-2023

Appeal from the Superior Court in Maricopa County
No.  FC2020-053923
The Honorable John R. Doody, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

R.J. Peters & Assoc., P.C., Phoenix
By Rich J. Peters
*Counsel for Respondent/Appellant*

Ellie Caran Guardiola, Scottsdale
*Petitioner/Appellee*

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Counsel for ADES*

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Michael S. Catlett joined.

**B R O W N**, Judge:

¶1            Mark Pennington ("Father") appeals from the superior court's post-paternity establishment judgment ordering him to pay child support to Ellie Caran Guardiola ("Mother").   Father also appeals the court's denial of his request for attorneys' fees under A.R.S. § 25-324.  For the reasons that follow, we affirm.

## BACKGROUND

¶2            Mother and Father are the parents of one child ("Child"), born in August 2007.  On December 31, 2020, Mother petitioned to establish paternity and obtain a judgment for retroactive and ongoing child support. The parties later stipulated that Father is Child's natural father and that Mother would have sole legal decision-making authority, with no parenting time for Father.  The parties also agreed that Father would pay, on an interim basis, monthly child support of $1,000 beginning on December 1, 2021.

¶3            In May 2022, the superior court held a child support establishment hearing.  Mother and Father testified about their incomes. Mother explained that her wage as a full-time nurse had recently increased to $47.10 per hour, which was more than the rate reflected in her affidavit of financial information ("AFI").  But most of the hearing centered on Father's income.  He testified (and offered numerous exhibits) about his employment history, the failure of his long-haul truck business, and his current employment search.  He also offered testimony from his accountant and insurance agent relating to his financial records and truck insurance costs.  Ultimately, Father requested that he be attributed minimum wage income because he was shutting down his business.

¶4            In its minute entry ruling, the superior court attributed a monthly income of $3,640 to Father for (1) the "past support period," which was January 2018 through November 2021; (2) the period from December 2021 through May 2022; and (3) the "[c]urrent support" period starting June 1, 2022.  As pertinent here, the court attributed a monthly income of $8,900

to Mother for calculating Father's current child support obligation. In its subsequent order, the court entered judgment against Father in the amount of $23,494.75, which took into account his interim payments, for past child support from January 2018 through May 2022. The court also ordered Father to pay $538 per month as current child support. Father timely appealed, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(2).

## DISCUSSION

**¶5**         We review an award of child support for an abuse of discretion. *Cummings v. Cummings*, 182 Ariz. 383, 385 (App. 1994). The superior court abuses its discretion when it "commits an error of law" in reaching a discretionary decision or if the record does not support its decision. *Birnstihl v. Birnstihl*, 243 Ariz. 588, 590, ¶ 8 (App. 2018). We review de novo the court's conclusions of law and interpretation of the Arizona Child Support Guidelines ("Guidelines"). A.R.S. § 25-320 app. (2022); *Sherman v. Sherman*, 241 Ariz. 110, 113, ¶ 9 (App. 2016).

### A.     Father's Income

**¶6**         Father argues the court abused its discretion by attributing him $3,640 in monthly income because there was "no evidence" to support this finding. Mother counters that sufficient evidence exists in the record, which Father himself presented, to support the court's ruling.[1]

**¶7**         As an initial matter, we view Father's opening brief as challenging only the portion of the court's judgment for the "current support" period. While he references facts concerning his failed trucking business, he does not tie those facts to any specific child support period. Nor does he challenge the court's arrears judgment of $23,494.75. Instead, he contends the court erred because he took the position at trial that "he currently was unable to earn even minimum wage," which was allegedly supported by testimony and exhibits about his business. Because Father

---

[1]         Mother argues the court abused its discretion in determining Father's income because it failed to account for his "total financial resources or income from any and all sources." She therefore asks that we remand for reconsideration under the Guidelines. Because she has not raised these issues in a cross-appeal, her request for affirmative relief from the judgment is not properly before us. *See* ARCAP 13(b)(2) (An appellate court may "modify a judgment to enlarge the rights of the appellee or reduce the rights of the appellant only if the appellee has filed a notice of cross-appeal."); *Hoffman v. Greenberg*, 159 Ariz. 377, 380 (App. 1988).

has not presented any meaningful argument challenging the court's arrears judgment, we address only whether the evidence supports the court's attribution of income to Father for the "current support" period. *See* ARCAP 13(a)(7) (stating that a brief must present arguments that explain an appellant's contentions on each issue presented for review with supporting reasons, legal citations, and appropriate references to the record); *J.W. v. Dep't of Child Safety*, 252 Ariz. 184, 188, ¶ 11 (App. 2021) ("We may reject an argument based on lack of proper and meaningful argument alone."); *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009) (explaining that appellants abandon claims when they do not establish their position on a particular issue in question).

**¶8**        In deciding child support, a court first considers a parents' gross income, *Sherman*, 241 Ariz. at 113, ¶ 14, which includes income from *any* source, Guidelines § II.A.1.b. By allowing courts to consider "all aspects of a parent's income the Guidelines ensure that the award is 'just' and based on the total financial resources of the parents." *Cummings*, 182 Ariz. at 386.

**¶9**        Before 2019, Father was employed as a truck driver and earned $21.50 per hour. But in 2019, he left that job and started his own business, which he could do because of a $500,000 line of credit from a family member and an additional $115,000 federal loan. Between 2019 and 2021, Father claims his business did not generate profits, and he was therefore unable to receive any income. However, the extent to which Father did not make money during those years is irrelevant because he has not challenged the arrearage portion of the court's judgment.

**¶10**        Moreover, although Father claimed at the hearing that he was not earning even a minimum wage, and that his business had failed, it does not mean the court was obligated to accept Father's claim. The court heard evidence that Father had previously earned $21.50 an hour, or roughly $3,727 monthly, and that he was in the process of seeking similar employment at this hourly rate. On that evidence alone, the court did not abuse its discretion in attributing Father an income of $3,640 for the current child support period. *See Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009) (noting that the trial court is in the best position to weigh the evidence and evaluate the parties' credibility).

### B.        Mother's Income

**¶11**        Mother is employed as a full-time registered nurse. At the evidentiary hearing, she submitted an AFI, her 2021 W-2 form, tax returns dating back to 2018, and her two most recent earnings statements from 2022.

**¶12**         Father argues the superior court abused its discretion in determining that Mother's monthly income is $8,900.  He argues that based on her 2021 W-2, her total compensation was $111,658.21, or $9,304.85 monthly.  He also contends that Mother "presented no evidence that her 2021 earnings included overtime, and the pay stubs she did submit do not include overtime." *See* Guidelines § II.A.3.b. ("The court generally does not include more income than earned through full-time employment.").

**¶13**         Father, however, has waived this issue because he has not identified, nor have we discerned, any point in the superior court record where he raised these arguments. *See Cullum v. Cullum*, 215 Ariz. 352, 355, ¶ 14 n.5 (App. 2007) (noting that "a party cannot argue on appeal legal issues not raised" in the trial court); *Hahn v. Pima Cnty.*, 200 Ariz. 167, 172, ¶ 13 (App. 2001) (explaining that the failure to raise an issue at the trial level constitutes waiver of that issue).  Father's counsel cross-examined Mother on her earnings, but he never asked the court to find that her monthly income was $9,304.85 or that it should be based solely on the 2021 W-2.  Nor did he present any evidence or argument that none of Mother's attested pay was based on overtime pay.  Waiver aside, Father fails to account for Mother's testimony that after she completed her AFI in October 2021, her hourly rate increased from $43.26 to $47.15, which means she could not have earned $111,658.21 without overtime pay.

**¶14**         For her part, Mother argues the superior court erred because it overstated her income by necessarily including her overtime pay.  She explains that the court's determination of $8,900 of monthly income would be based on an hourly rate of $51.35, and there was no evidence supporting that rate of pay.  Mother therefore asserts that her monthly income should have been calculated at $8,172.67, based on working 2,080 hours at $47.15 per hour.  Because Mother has not cross-appealed, we cannot address her arguments. *See* s*upra*, n.1.

**¶15**         On this record, reasonable evidence supports the court's determination that Mother's monthly income is $8,900 for purposes of the current child support order.  Father has not shown that the court abused its discretion.

### C.     Attorneys' Fees

**¶16**         Under A.R.S. § 25-324, the superior court *may* award attorneys' fees after considering the financial resources of both parties and the reasonableness of the positions taken by each party throughout the proceedings. *See Breitbart-Napp v. Napp*, 216 Ariz. 74, 83, ¶ 36 (App. 2007).

We review the issue of attorneys' fees for an abuse of discretion. *Mangan v. Mangan*, 227 Ariz. 346, 352, ¶ 26 (App. 2011).

**¶17**         Father argues the court abused its discretion in denying his request for attorneys' fees because he established financial disparity between himself and Mother, and she took several unreasonable positions. He also contends the court erroneously applied a "prevailing party standard" to evaluate his request for fees, instead of the § 25-324 factors. But Father does not inform us where he raised these issues in the superior court. *See Cullum*, 215 Ariz. at 352, n.5; *Hahn*, 200 Ariz. at 172, ¶ 13.

**¶18**         During the evidentiary hearing, the court advised the parties not "to spend a lot of time talking about fees, that's something I have to decide who it's going to be of the prevailing party, if anyone. . . ." Father did not ask the court to clarify its statement nor did he object to the court's framing of how it would decide whether to award fees. Later, in its minute entry, the court did not mention attorneys' fees or § 25-324 but again stated that "neither party was the prevailing party." The court then directed the submittal of a proposed form of judgment, to which the parties could "file written objections." The court added that it would sign the findings and orders as final, appealable judgments "after considering any objections." Father did not object to the proposed judgment, which did not address attorneys' fees. Under these circumstances, he has waived any challenge to the court's implicit denial of his fee request. *Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994) ("Because a trial court and opposing counsel should be afforded the opportunity to correct any asserted defects before error may be raised on appeal, absent extraordinary circumstances, errors not raised in the trial court cannot be raised on appeal.").

**CONCLUSION**

**¶19**         We affirm the superior court's child support establishment judgment.

